IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Bryan Thomas Koth,            Case No. 3:15 CV 639

              Plaintiff,            ORDER DISMISSING COMPLAINT

        -vs-                    JUDGE JACK ZOUHARY

John P. Kolesar, et al.,

              Defendants.

## INTRODUCTION

*Pro se* Plaintiff Bryan Thomas Koth filed this action against Sandusky County Court Judge John P. Kolesar, John P. Dewey, Barbra Anstead, Brad Smith, Dan Polter, Cynthia Bilby, Thomas L. Stierwalt, Nancey Jennings, Sheriff Kyle Overmyer, Tracey Overmyer, Nicole Bowers, Bruce A. Gower, Charles Horne, III, Brian Weaver, and Barbra Peterson. The pleading purports to be filed pursuant to 18 U.S.C. § 4 and is a form document labeled "United States Constitution Citation Criminal Complaint Affidavit and Brief of Information," which Koth filled-in by-hand (Doc. 1 at 1). Koth also filed an Application to Proceed *In Forma Pauperis* (Doc. 3). That Application is granted.

## BACKGROUND

In the Statement of Facts, Koth alleges:

[On March 26, 2015] John P. Kolesar allowed the Clyde Police Department (cpd) to enter private property outside jurisdiction of Clyde City Corporation limits, and steal mail belonging to Bryan Koth (Plaintiff). (cpd) committed multiple violations both criminal and civil. Along with others named in this complaint. No person or persons has AUTHORITY to change my PLACE OF RESIDENCE. I reside in the State of Michigan. And have been a private citizen of Michigan since 2010.

(*id.* at 2) (emphasis in original).

The Complaint alleges forty-three constitutional violations that fall into the following categories, as set forth in the form pleading: (1) "protections of your basic rights;" (2) "guarantees of an honest government that gives fair and equal protection for all;" (3) "guarantees of reasonable enforcement of your rights;" (4) "guarantees of due process (action/reaction process that provides justice for all);" (5) "protections against unreasonable government behavior (over controlling your life);" (6) "protections against government secrecy - which forces government to be honest;" (7) "protections against government completely controlling your life (domination);" (8) "guarantees that if something is wrong, your government must do something;" and (9) "punishments provided for corrupt people in office, drawing public funds " (*id.* at 3–6). The Complaint includes a "Ledger" providing "Notice to Credit/Bonding Companies" that the Complaint has a commercial value of $7,774,000 (*id.* at 7).

Koth attaches to the Complaint a Memorandum in Support, consisting of a list of "maxims" and a seemingly random collection of one hundred and two pages of documents, including court filings, statutes, police reports, minutes from Sandusky County Commissioners' meetings, and medical records (Doc. 1-1). Koth does not explain the relevance of these documents to his pleading. However, the documents suggest Koth's primary allegation may relate to a May 26, 2015 search warrant issued by Judge Kolesar for Judy Bucklew's residence. According to a signed statement provided by Bucklew and attached to the Complaint, Koth receives mail at Bucklew's address (Doc. 1-1 at 79). When the Clyde Police Department executed the search of Bucklew's residence, they seized several pieces of Koth's mail (*id.* at 79, 84–86).

2

**STANDARD FOR DISMISSAL**

Pro se pleadings are to be liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The district court, however, is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief may be granted or lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Id.* at 327. An action has no arguable factual basis when the allegations are "delusional," or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

This Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint must contain "more than labels and conclusions" or "a formulaic recitation of the elements." *Id.* A complaint need not contain detailed factual allegations, but its "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* This Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A claim is plausible when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**DISCUSSION**

Koth states the Complaint "is mandated by 18 U.S.C. § 4," and identifies as "points of law," Article I, Section 10 and Article IV, Section 1 of the United States Constitution; the First, Fifth,

Sixth, Ninth, Tenth, and Fourteenth Amendments to the Constitution; 18 U.S.C. §§ 3, 4, 241, 242, 1001, 1621, 1622, 2071, 2382; and 42 U.S.C. § 1986 (Doc. 1 at 1).

The Complaint must be dismissed to the extent it attempts to bring a criminal action. In federal courts, only United States Attorneys may bring criminal charges, not a private litigant. 28 U.S.C. § 547; *see also* Federal Criminal Rule 7(c); *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (holding there is "no private right of action under either [18 U.S.C. §§ 241 or 242]").

To the extent Koth is attempting to assert a civil action for damages, the Complaint is still subject to dismissal. Koth's claim of constitutional deprivations lack any factual content. The Complaint must give Defendants fair notice of Koth's claims and the factual grounds on which they rest. *Bassett v. National Collegiate Athletic Assn*, 528 F.3d 426, 437 (6th Cir. 2008). Further, Koth's claims consist of purely legal conclusions and fail to rise to the level of plausibility.

Finally, 42 U.S.C. § 1986 allows for a recovery of damages from persons who fail to prevent a "conspiracy to interfere with civil rights" as codified in 42 U.S.C. § 1985. Koth alleges no facts to indicate any conspiratorial activity on the part of any Defendant.

## CONCLUSION

For these reasons, this Court dismisses the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e). This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

       s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

June 30, 2015